UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD S.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 3:19-CV-6037-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by relying on testimony from a vocational expert ("VE") despite an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Had the ALJ

properly evaluated this evidence, the number of jobs Plaintiff could perform at step five of the sequential evaluation may have been different, and Plaintiff may have been found disabled.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 28, 2016, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 1, 2011. *See* Dkt. 6, Administrative Record ("AR") 15, 195-96, 197-206. His applications were denied upon initial administrative review and on reconsideration. AR 15, 79-85, 87-93, 96-102. A hearing was held before ALJ John Michaelsen on July 10, 2018. AR 32-44. In a decision dated September 19, 2018, the ALJ found that Plaintiff was not disabled. AR 12-26. The Social Security Appeals Council denied Plaintiff's request for review on August 28, 2019. AR 1-6. The ALJ's decision of September 19, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to resolve an apparent conflict between Plaintiff's residual functional capacity ("RFC") and the physical requirements of the jobs cited by the VE at step five of the sequential evaluation. Dkt. 8, pp. 3-6.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ erred at step five of the sequential evaluation.**

Plaintiff maintains that the ALJ erred by failing to reconcile an apparent conflict between Plaintiff's RFC, which restricts Plaintiff to no more than occasional handling, fingering, and feeling with his dominant right hand, and the jobs cited by the VE at step five, all of which require frequent handling and fingering. Dkt. 8, pp. 4-5.

When the ALJ determines that there is an apparent, unresolved conflict between vocational evidence and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on vocational expert testimony to support a determination about whether the claimant is disabled. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling ("SSR") 00-4p).

At step five, the ALJ, relying on VE testimony, found that Plaintiff was able to perform the jobs of cashier II, mail clerk, and parking lot attendant. AR 24-25. According to the Selected Characteristics of Occupations ("SCO"), a detailed companion volume to the DOT published by the US Department of Labor, the jobs of cashier II, mail clerk, and parking lot attendant all require frequent handling and fingering, but do not require any feeling. *See* U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, Part A (1993) at 332, 343, 365; Appendix C.

During the hearing, the VE testified that Plaintiff could perform all three jobs given the restrictions contained in the RFC, and that her testimony was consistent with the information contained in the DOT. AR 40-41.

When Plaintiff's attorney asked the VE to confirm whether the job of mail clerk required only occasional handling and fingering, the VE stated that it did not, but "that wasn't the

1 hypothetical." AR 42. When asked if it made a difference whether the manipulative limitations contained in the RFC involved Plaintiff's dominant right hand, the VE stated that the job of mail clerk does not typically involve fine motor functions, and that a person performing such a job could use either hand. *Id.* When asked if the jobs cited at step five could be performed with only one hand, the VE stated that they could not. *Id.*

To constitute a conflict that the ALJ is required to resolve, a discrepancy between the VE's testimony and the DOT must be "obvious or apparent", meaning that the VE's testimony must be at odds with the DOT's listing of job requirements that are "essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

Plaintiff cites *Lamear v. Berryhill* in support of his contention that there is an obvious and apparent conflict between the demands of frequent handling and fingering, and a limitation to occasional handling and fingering with the right hand. 865 F.3d 1201, 1205-06 (9th Cir. 2017); Dkt. 8, pp. 5-6.

In *Lamear*, the ALJ found that the claimant was limited to occasional handling, fingering, and feeling with his left hand. 865 F.3d at 1204. The VE testified that the claimant could perform the jobs of office helper, mail clerk, and parking lot cashier, and the ALJ failed to ask the VE how the left hand restrictions were consistent with those jobs, which required frequent handling, fingering and reaching. *Lamear*, 865 F.3d at 1205.

The Ninth Circuit noted that the DOT's lengthy descriptions for these jobs strongly suggested that it was likely and foreseeable that using both hands would be necessary to perform the "essential, integral, or expected" tasks required by these jobs in an acceptable and efficient manner. *Id.* The Ninth Circuit concluded that although the DOT did not expressly state that these

jobs demanded both hands, the Court could not determine from the record, the DOT, or common experience whether the jobs cited by the VE required both hands. *Id.* at 1206.

Two of the jobs cited by the VE in this case, those of mail clerk and cashier II (which was categorized by the VE in *Lamear* as "parking lot cashier" and is included under the same DOT code) are identical to those analyzed by the Ninth Circuit in *Lamear*.

Here, the vocational expert testified that the jobs of cashier II and mail clerk could not be done with one hand, but the VE provided no further explanation. AR 42. In addition, the record, the DOT, and common experience are similarly unclear as to whether these jobs require both hands, and with what frequency throughout the day an individual would need to use both hands.

With respect to the job of parking lot attendant, even if the VE's testimony with respect to this job were consistent with the DOT, the VE testified that there would be only 8,000 such jobs available in the national economy. AR 41. *See Gutierrez v. Comm. of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (considering the question of precisely how many jobs available in the national economy constituted a "significant number" and finding that 25,000 such jobs presented "a close call.").

Accordingly, the ALJ erred at step five by not sufficiently resolving an apparent conflict between the VE's testimony and the DOT. Since the Court has not found anything in the record to explain this apparent discrepancy, we must reverse and remand so the ALJ can ask the VE to reconcile these jobs with Plaintiff's right hand limitations. *Lamear*, 865 F.3d at 1206.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 1st day of May, 2020.

David W. Christel
United States Magistrate Judge

DEFENDANT'S DECISION TO DENY BENEFITS
- 6